# United States Court of Appeals
# For the First Circuit

_____

No. 24-1536

IN RE: ANDY LUU TRAN,

Debtor.

_____

ANDY LUU TRAN,

Appellant,

v.

HERBERT JACOBS,

Appellee.

_____

Before

Barron, Chief Judge,
Breyer,* Associate Justice,
and Kayatta, Circuit Judge.

_____

**JUDGMENT**

Entered: July 1, 2025

      In 2022, Herbert Jacobs ("Jacobs") was the high bidder at a foreclosure auction sale for a Massachusetts property (the "Property") in which debtor-appellant, Andy Luu Tran ("Tran"), resides.  Jacobs subsequently served on Tran a notice to vacate premises; the next day, Tran filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of Massachusetts. On April 1, 2024, the bankruptcy court determined that Jacobs had "a colorable claim to a superior right to title to and possession of" the Property and therefore granted Jacobs relief from the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a), so that he might, among other things,

---

* Hon. Stephen G. Breyer, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

commence eviction proceedings against Tran in Massachusetts state court (the "stay relief order"). See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994).

Tran appeals, arguing that the bankruptcy court was divested of any "jurisdiction" to grant such relief.  See United States v. Rodríguez-Rosado, 909 F.3d 472, 477 (1st Cir. 2018) (explaining that the "judge-made divestiture rule" is a rule of judicial economy, not jurisdiction).  He contends that the stay relief order "impermissibly interfered" with his rights in a different appeal, in which he seeks to avoid the "transfer" of his interest in the Property under the Bankruptcy Code's "strong arm" provision, because both proceedings bore on his possessory rights to the Property.  11 U.S.C. § 544(a)(3); see Mission Prod. Holdings, Inc. v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC), 976 F.3d 107, 116–17 (1st Cir. 2020); Whispering Pines Ests., Inc. v. Flash Island, Inc. (In re Whispering Pines Ests., Inc.), 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007).

This court has now rejected Tran's arguments for avoidance under § 544(a)(3).  See Tran v. Citizens Bank, N.A., No. 24-1101 (1st Cir. July 1, 2025).  As a result, any argument that the bankruptcy court's stay relief order will "impermissibly interfere" with that appeal is moot.  Nor does Tran argue that he would be in any different position if the bankruptcy court entered its stay relief order today rather than when it did -- even assuming we ruled that, as a result of the divestiture rule, it lacked jurisdiction at that time.

Accordingly, this appeal is dismissed as moot.

By the Court:

Anastasia Dubrovsky, Clerk

cc:  David G. Baker, Kate E. Nicholson, Richard King, David A. Mawhinney